# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| JASON D. GALVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00049 |
| | ) | Senior Judge Haynes |
| DOUGLAS MONROE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff, Jason D. Galvan, a pre-trial detainee housed in the Maury County Jail, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Douglas Monroe, Shannon Helton, Bruce Bridges, Debra Wagonshutz and Craig D'Apolito arising out of his personal injuries while in the Defendants' custody.

According to his complaint, on May 19, 2015, Defendants Monroe and Helton entered his cell to retrieve his meal tray. Plaintiff refused to return his tray and turned away from the defendants and accidentally flipped over the meal tray. Plaintiff alleges that at that point, Defendant Monroe grabbed him by the neck, slammed him against the wall, threw him to the ground, choked him and twisted his foot while taunting him. Plaintiff alleges that his foot was broken in this incident and required a cast and crutches. Plaintiff alleges that "C/o Helton had knowledge and was part of c/o Monroe's use of excessive force." Plaintiff alleges that Defendant Monroe later told him "You shouldn't have put your hands on that girl," in apparent reference to the criminal charge against Plaintiff. Plaintiff alleges that jail administrator Wagonschutz and shift sergeant D'Apolito failed to take any action to discipline Monroe for his use of excessive force.

Plaintiff further alleges that on May 27, 2015, while he was still on crutches from the May 19 incident, Defendant correctional officer Bridges "allowed violence to happen to" him by unlocking the door of another inmate who ran to Plaintiff and knocked him unconscious. Plaintiff alleges that the other inmate kicked, punched and stomped him while he was unconscious, and that he later awoke in the Maury Regional Medical Center hospital with a concussion and significant bruising and swelling. Plaintiff alleges that the other inmate was supposed to remain separate from him based on their classifications, and that the other inmate was verbally threatening him at the time that Defendant Bridges unlocked the door for him.

The complaint is before the Court for an initial review pursuant to the PLRA, 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

To state a § 1983 claim, a plaintiff must allege plausible facts of deprivation of rights secured by the Constitution and laws of the United States that "was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

To state an excessive force claim under the Fourteenth Amendment's Due Process

Clause, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, No. 14-6368, slip op. at 6 (U.S. June 22, 2015). The Supreme Court has expressly rejected "a subjective standard that takes into account a defendant's state of mind." *Id.* The Court has also identified a non-exclusive list of relevant factors for the objective reasonableness of the force used: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*, slip op. at 7.

Here, Plaintiff alleges that in response to his refusal to return and accidental tipping of a meal tray, Defendant Monroe physically attacked him, choked him and broke his foot while taunting him. Plaintiff also alleges that Defendant Monroe later told him he should not have touched the victim of the crime for which he was charged. These facts are sufficient to satisfy the objective standard to state a claim for excessive force against Defendant Monroe.

Plaintiff also alleges that Defendant Helton was present for Defendant Monroe's use of force. The Court infers this allegation that Defendant Helton did not take any action to prevent or stop the alleged assault. To state a claim against non-supervisory personnel for failure to protect an inmate from excessive force, an inmate must allege plausible facts that the defendant observed or had reason to know about the excessive force, and had the opportunity and the means to prevent the injury. *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997). Court concludes that Plaintiff's allegations satisfy this standard and state a claim against Defendant Helton for his failure to protect.

Plaintiff, however, has not alleged any personal involvement by Defendants Wagonschutz or D'Apolito sufficient to state a claim against them. Supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability"). Plaintiff does not allege any facts that would suggest that either Wagonschutz or D'Apolito was personally involved in or even aware of the alleged use of force at the time it occurred. The simple failure to discipline an officer for using excessive force does not make the officer's supervisors liable under § 1983. *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012). Thus, Plaintiff fails to state a claim against either Defendant Wagonschutz or D'Apolito who should be dismissed from this action.

As to the alleged assault by a fellow inmate, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 411 U.S. 825, 832, 833 (1994). However, "[a] prison official's duty ... is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)). A prison official may only be held liable under § 1983 for acting with "deliberate indifference" to inmate health or safety, which requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms

exists, and he must also draw the inference."[1] *Id.* at 837.

Here, Plaintiff alleges that the inmate who assaulted him was supposed to be kept separate from him and was actually threatening him at the time that Defendant Bridges unlocked the door and gave that inmate the opportunity to attack Plaintiff. The Court concludes these factual allegations are sufficient to infer that Defendant Bridges acted with deliberate indifference to Plaintiff's personal safety.

An appropriate Order will enter.

**ENTERED** this the 16th day of July, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

---

[1] The Sixth Circuit has expressly applied the same deliberate indifference standard containing objective and subjective elements to both pretrial detainees and convicted inmates. *Sours v. Big Sandy Reg'l Jail Auth.*, 593 F. App'x 478, 483 (6th Cir. 2014). It is unclear whether or to what extent *Kingsley*'s elimination of the subjective element of excessive force claims will impact deliberate indifference claims about pretrial detainees' safety or health. It is unnecessary for the Court to resolve that question for the purpose of this initial review.