IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JASON D. GALVAN )
)
v. ) NO: 1:15-0049
)
DOUGLAS MONROE, et al. )

TO: Honorable William J. Haynes, Senior District Judge

# REPORT AND RECOMENDATION

By Order entered July 17, 2015 (Docket Entry No. 5), this action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 74) of Defendants Douglas Monroe, Shannon Helton, and Bruce Bridges. Plaintiff has not responded to the motion. For the reasons set out below, the Court recommends that the motion be granted.

## I. BACKGROUND

During 2015, Jason D. Galvan ("Plaintiff") was confined at the Maury County Jail ("Jail") as a pretrial detainee. He filed this action *pro se* and *in forma pauperis* on June 8, 2015, seeking monetary relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred at the Jail. Although Plaintiff brought his lawsuit against several Jail officials, the Court, upon initial review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, found that

Plaintiff asserted arguable claims against only three defendants: Douglass Monroe ("Monroe"), Shannon Helton ("Helton"), and Bruce Bridges ("Bridges") (hereinafter referred to collectively as "Defendants"). *See* Docket Entry No. 5 at 2.

Plaintiff alleges that, on May 19, 2015, Defendant Monroe physically assaulted him in his Jail cell after a dispute occurred over food trays that were in the cell. *See* Complaint (Docket Entry No. 1) at 8-9. Plaintiff alleges that Monroe grabbed him by the neck, slammed him against the wall, threw him to the ground, choked him, and twisted his foot, all while taunting him. *Id*. Plaintiff asserts that he suffered a broken ankle as a result of the assault. *Id*. He alleges that Helton did not assault him but failed to intervene to stop the assault and failed to report Monroe afterwards. *Id*.

Plaintiff also alleges that he was physically assaulted by another inmate on May 27, 2015, while he was on recreation time for the medical special needs inmates. *Id*. at 6-7. He contends that another inmate, who had been verbally threatening him from a housing cell and who was a general population inmate, came into the recreation area and attacked him. *Id*. Plaintiff asserts that he was on crutches because of the ankle injury he suffered the prior week and that he was rendered unconscious as a result of the attack. *Id*. He asserts that he awoke in a local hospital after the attack with a concussion and significant bruising and swelling. *Id*. Plaintiff contends that Defendant Bridges is liable for this incident because Bridges released the general population inmate from his locked cell while Plaintiff, a medical special needs inmate at the time, was still in the recreation area. *Id*.

Defendants were served with process and filed a joint answer. *See* Docket Entry No. 15. The Court issued a scheduling order providing the parties with a period for pretrial activity in the action. *See* Docket Entry No. 16. In the scheduling order, Plaintiff was advised of his obligation to keep the

Court and the opposing parties informed of his current address. *Id*. at 16. Subsequent to filing the lawsuit, Plaintiff was released from the Jail, taken back into custody at the Jail, and then released again. *See* Docket Entry Nos. 19, 26, and 77. His intermittent confinement created difficulties in completing discovery and in ensuring that he was receiving mail and copies of orders and also required several extensions of pretrial deadlines. *See* Docket Entry Nos. 21, 27, 41, and 81. Although Plaintiff provided a non-institutional residential address in his latest change of address notice, *see* Docket Entry No. 77, the most recent Court mail sent to that address was returned as undeliverable. *See* Docket Entry Nos. 80, 84, and 85.

## II. MOTION FOR SUMMARY JUDGMENT

On July 15, 2016, Defendants filed the pending motion for summary judgment. Defendants acknowledge that the two incidents complained about by Plaintiff occurred. However, they argue that there is no evidence supporting Plaintiff's claims that his constitutional rights were violated during these incidents. They further contend that there is no evidentiary support for a claim of municipal liability to the extent that they have been sued in their official capacities, and they raise the defense of qualified immunity for the damage claims brought against them individually. In support of their motion, Defendants rely upon the declaration of Helton (Docket Entry No. 75-1), the declaration of Jail Correctional Sergeant Craig D'Apolito (Docket Entry No. 75-2), the declaration of Monroe (Docket Entry No. 75-3), Plaintiff's deposition transcript (Docket Entry No. 75-4), and a Statement of Undisputed Material Facts (Docket Entry No. 76).

With respect to the incident during which Plaintiff was attacked by another inmate, Defendant Bridges asserts that the undisputed evidence shows that, prior to the attack, the Maury

County Sheriff's Department had no record of any actual or threatened violence by the attacking inmate against any other inmate at the Jail. In fact, Defendant Bridges asserts that Plaintiff admitted in his deposition that he did not feel threatened by or have reason to fear the attacking inmate prior to the attack. Defendant Bridges asserts that: 1) the attack on Plaintiff occurred without warning; 2) there is no evidence that the inmate who attacked Plaintiff posed a threat to Plaintiff prior to the actual attack; and 3) Plaintiff had not alerted any prison official that the inmate who attacked him posed a threat to him. Defendant Bridges argues that there is simply no evidence supporting a conclusion that he was aware that the attacking inmate posed a substantial risk of harm to Plaintiff yet ignored or disregarded that risk.

With respect to the incident on May 19, 2015, Defendants Monroe and Helton assert that they entered Plaintiff's cell while in the process of moving another inmate into the cell. They contend that Plaintiff initially refused a verbal order from Defendant Monroe to remove a paper that was covering an air vent in the cell and then refused a verbal order to return several food trays that the officers had noticed were sitting in the cell. Defendants state that both the covered air vent and the extra food trays were violations of Jail policies and that Plaintiff's verbal responses to these orders were argumentative and combative. Defendants assert that Plaintiff shoved the food trays towards Monroe, causing the food to spill onto Monroe's pants and shoes and pulled away from Defendant Helton when Helton attempted to gain control of Plaintiff by grabbing his shoulders. Defendant Monroe asserts that he then grabbed Plaintiff around his arms and chest and fell to the floor with him. Defendants assert that Monroe lay on top of Plaintiff for a few moments until the situation de-escalated and then both officers exited the cell.

On July 19, 2016, the Court notified Plaintiff of the motion for summary judgment and gave him a deadline of August 26, 2016, to file a response. *See* Docket Entry No. 78. Although Plaintiff failed to file a response by the deadline, it was not clear to the Court that Plaintiff had been served with the motion in light of his release from the Jail, and the Court directed Defendants to re-serve the motion upon Plaintiff at his current address. *See* Order entered September 16, 2016 (Docket Entry No. 81). Plaintiff was given thirty (30) days from the date that Defendants filed notice that the motion had been re-served within which to file his response to the motion for summary judgment. On September 19, 2016, Defendants filed a notice that the motion for summary judgment had been re-mailed to Plaintiff at the last address he provided. *See* Docket Entry No. 83.[1] To date, Plaintiff has not filed a response of any kind.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431

---

[1] Defendants state in their notice that, in addition to mailing a copy of the motion to Plaintiff in response to the Court's directive, they had previously mailed the motion to Plaintiff in July 2015 at the residential address he provided in his most recent change of address notice.

5

(6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### IV. ANALYSIS

A. Section 1983 and the Fourteenth Amendment

A claim brought under 42 U.S.C. § 1983 requires Plaintiff to show: 1) the deprivation of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

The Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, __ U.S.__, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015). Such punishment can consist of actions taken with an "expressed intent to punish" or, in the absence of an expressed intent to punish, actions that are not "rationally related to a legitimate nonpunitive governmental purpose" or that "appear excessive in relation to that purpose." *Id*. at 2473 (citing *Bell v. Wolfish*, 441 U.S. 520, 538 and 561, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). In reviewing whether unconstitutional excessive force has occurred, the Supreme Court clarified that the inquiry focuses on whether the force used against a pretrial detainee was "objectively unreasonable." *Id*.

The Constitution also provides prisoners with a certain measure of protection from violence at the hand of other inmates. *Farmer v. Brennan*, 411 U.S. 825, 832-833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Sixth Circuit has yet to address whether an objective standard similar to that adopted in *Kinglsey* also applies to a pretrial detainee's failure-to-protect claim. *But see Castro v. City. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) (applying objective standard to a pretrial detainee's failure-to-protect claim in light of *Kingsley)*. Accordingly, the Court continues to apply the deliberate indifference standard that is applicable to an Eighth Amendment failure-to-protect claims to Plaintiff's claim. *See Leary v. Livingston Cty.*, 528 F.3d 438, 442 (6th Cir. 2008) (applying deliberate indifference standard of *Farmer* to pretrial detainee's claim that jail officials failed to protect him).

"A prison official's duty ... is to ensure 'reasonable safety,' " not absolute safety. *Id*. at 844 (citing *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). "To establish a constitutional violation based on failure to protect, a prison inmate first must show that the failure

to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 834. Next, "plaintiff also must show that prison officials acted with 'deliberate indifference' to inmate health or safety." *Id*. A showing of deliberate indifference requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id*. at 837.

B. Summary Judgment on Plaintiff's Claims

Although Plaintiff's allegations were sufficient to permit his claims to survive initial review, he may not rely solely upon the allegations of his Complaint at this stage of the proceedings. After review of the record before the Court, the Court finds that summary judgment should be granted to Defendants. There is insufficient evidence before the Court upon which a reasonable jury could find that Plaintiff's federal constitutional rights were violated by Defendants. Any factual disputes that exist in this action do not rise to the level of genuine issues of material fact that require resolution by the jury.

When a motion for summary judgment is properly supported under Rule 56, such as Defendants' motion, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex*

*Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has not satisfied this threshold obligation. He has not responded to Defendants' motion for summary judgment, has not rebutted Defendants' evidence or arguments, and has not supported his claims with any actual evidence. Additionally, he has not specifically responded to Defendants' Statement of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court, and his failure to respond "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

With respect to Plaintiff's excessive force claim, the undisputed evidence shows that: 1) a disturbance occurred in Plaintiff's cell after he refused two verbal orders from Defendant Monroe; 2) Plaintiff was argumentative and combative in response to Monroe's order to return extra food trays that were in the cell; 3) Plaintiff pushed or shoved the food trays at Monroe in an aggressive manner, causing food to spill on Monroe; 4) Plaintiff resisted Defendant Helton's attempt to physically restrain him by grabbing his shoulder; 5) after Plaintiff pulled away from Helton, Monroe grabbed Plaintiff and fell to the ground with him; and 6) Monroe lay on top of Plaintiff for a short period of time until Plaintiff was under control, at which time the officers left the cell. *See* Defendants' Statement of Undisputed Facts at ¶¶ 2-21.

9

Given the undisputed facts that are before the Court, a valid penological purpose existed for the use of force against Plaintiff, who was non-compliant and combative, and the force that was used was objectively reasonable and measured under the circumstances. Plaintiff has offered no proof supporting his allegation that Defendants choked him or grabbed and twisted his ankle. There is no evidence before the Court upon which to base a conclusion that the force used against Plaintiff was intended as punishment, was gratuitous, or was objectively excessive. Although Defendants do not dispute that Plaintiff suffered an ankle injury during the incident, the mere fact that Plaintiff was injured does not create a genuine issue of fact supporting his claim given the other facts showing that the use of force was objectively reasonable. Plaintiff has not supported his claim with any evidence upon which a reasonable jury could conclude that Defendants Monroe and Helton violated his Fourteenth Amendment rights.

Similarly, there is no evidence before the Court supporting a claim that Defendant Bridges failed in his constitutional duty to protect Plaintiff from the inmate attack. The undisputed evidence is that no one, including Plaintiff, had any awareness that the inmate who attacked Plaintiff was either a specific threat to Plaintiff or a general threat to the safety of inmates overall. *See* Defendants' Statement of Undisputed Facts at ¶¶ 25 and 29-31. There is no evidence before the Court showing that Defendant Bridges knew of or should have known of a substantial risk to Plaintiff's safety that existed because of the attacking inmate, let alone evidence showing that he acted in a manner that was deliberately indifferent to this risk. There is further no evidence showing that facts that would have objectively alerted a reasonable jail officer in Defendant Bridge's position to the potential that a substantial risk of serious harm to Plaintiff existed. In the end, Plaintiff has not supported this claim with any evidence showing the liability of Defendant Bridges.

The Court's determination that there is no evidence that a constitutional violation occurred is sufficient to warrant summary judgment in favor of Defendants without full analysis of the qualified immunity defense they raise. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009). Furthermore, the lack of any evidence that a constitutional violation occurred is also sufficient to warrant dismissal of any municipal liability claims to the extent that Defendants are sued in their official capacities. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

## RECOMMENDATION

For the foregoing reasons, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 74) of Defendants Douglas Monroe, Shannon Helton, and Bruce Bridges be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge